Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Patrick A. McDevitt, Appellee.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Robert O. Baldi, Cordes, King & Associates,* P.C., for appellee.

OPINION BY JUDGE PALLADINO, March 18, 1981:

The Department of Transportation (Department) appeals an order of the Court of Common Pleas of Bucks County which held that the Department could not revoke appellee's operating privileges under the habitual offender provision, Section 1542 of the Vehicle Code (Code), 75 Pa. C. S. §1542. We reverse.

On April 8, 1978, appellee was charged with (1) driving under the influence of alcohol and (2) driving without lights to avoid identification or arrest. On May 21, 1978, appellee was again charged with driving under the influence. As a result of the incidents of April 8 and May 21 appellee was accepted in the Accelerated Rehabilitative Disposition (A.R.D.) program on both cases at the same time. The Department placed the actions of April 8 and May 21 on appellee's record and determined that under Section 1542(c) of the Code, 75 Pa. C. S. §1542(c), appellee was an habitual offender despite his acceptance in the A.R.D. program. On appeal, the Court of Common Pleas of Bucks County conducted a hearing and ruled against the Department, holding that because appellee was admitted into the A.R.D. program for his offenses of April 8 and May 21, said offenses could not constitute convictions as required for habitual offender status within the intendment of Section 1542(a) of the Code, 75 Pa. C. S. §1542(a).

This is a case of first impression in which this Court is asked to construe Section 1542(c) of the

Code in order to ascertain the interaction of the A.R.D. and habitual offender provisions of the Vehicle Code.

Appellee argues that the offenses for which he was admitted into the A.R.D. program cannot be used to classify appellee as an habitual offender. It is undisputed that upon joining the A.R.D. program, appellee was neither tried nor permitted to enter a plea on the charges against him and therefore was never *convicted* of the driving violations. Appellee asserts that since Sections 1542(a) and 1542(b)[1] of the Code define an habitual offender as a person whose driving record contains three *convictions* of statutory offenses, the habitual offender provisions cannot properly be applied to appellee who was not *convicted* of any offenses.

In his argument, appellee has failed, however, to note that the A.R.D. program is elective, not mandatory. Section 1534[2] of the Code, Pa. R. Crim. P. 178, and Pa. R. Crim. P. 179 authorize the A.R.D. program only after a judge is satisfied with the response to the threshold inquiry whether the driver understands and accepts the conditions of the A.R.D. program. At a hearing before a judge, the driver, in the presence of his attorney,

> shall be asked on the record whether he *understands* that:
>
> . . . .
>
> (3) he must *agree* that if he is accepted into the program he *waives* . . . his *right to* a speedy *trial* under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program. (Emphasis added.)

Pa. R. Crim. P. 178.

---

[1] 75 Pa. C. S. §1542(b).

[2] 75 Pa. C. S. §1534.

(a) When the [driver], with the advice and agreement of his attorney, indicates his *understanding* of these proceedings, *requests* that he be accepted into the program, and *agrees* to the procedure set forth in Rule 178, the stenographer shall close the record.

. . . .

(d) The [driver] shall thereupon state to the judge whether he *accepts* the conditions and *agrees* to comply. (Emphasis added.)

Pa. R. Crim. P. 179.

Therefore, appellee's acceptance of the A.R.D. program constitutes a conscious choice of an alternative to prosecution and a knowing waiver of appellee's right to prove his innocence or risk conviction by entering a plea on the charges against him and defending himself at a trial.

Appellee urges this Court to find that appellee's election of the A.R.D. program and his acceptance of its conditions have completely expurgated appellee's driving record. Because A.R.D. is an alternative to prosecution, formal convictions of the driving violations underlying admission into the A.R.D. program cannot be obtained. Accordingly, appellee argues that the mandate of Section 1542(c),[3] to consider acceptance of A.R.D. as an *offense,* is meaningless in view of the declared policy of Sections 1542(a) and 1542(b) that only *convictions* of offenses will result in a driver's being designated an habitual offender. Appellee's interpretation of the Code would, in effect, nullify Section 1542(c) and exonerate appellee with respect to his multiple driving violations of

---

[3] Section 1542(c) states:

Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section. (Footnote omitted.)

April 8 and May 21. This argument would entirely insulate from censure a driver such as appellee, who was admitted to the A.R.D. program despite his having committed a new driving violation only a few weeks after his initial offenses. Appellee chose a program where formal convictions could not be obtained. Before this Court appellee now wrongfully argues that the offenses underlying his admission into the A.R.D. program cannot be used to determine whether he was an habitual offender solely because he was not formally convicted of the underlying offenses. Such a result would be contrary to the legislative intent of Section 1542 to protect the public from repeated incidences of careless driving by assessing additional penalties against persons categorized as habitual offenders. Moreover, rules of statutory construction require (1) that whenever possible, effect must be given to all provisions of a legislative act and (2) that statutory language may not be supposed supererogatory.[4]

Finally, appellee maintains that even if the A.R.D. offenses can be used to determine whether appellee is an habitual offender, appellee cannot be categorized as an habitual offender because he committed only two offenses instead of three offenses as the Department asserts and the statute requires. Appellee mistakenly views his offenses of April 8—drunk driving and driving without lights—as only one violation because both infractions occurred on one occasion as part of the same driving incident. The following language of Section 1542(b) clearly refutes appellee's argument: ''Three convictions arising from separate acts of any one or more of the following offenses *committed either singularly or in combination* . . .

---

[4] *Baumer Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 372, 243 A.2d 472 (1968).

shall result in ... [designation] as a habitual offender.
. ....'' (Emphasis added.) *See also Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980); *Weaver v. Department of Transportation, Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 625, 416 A.2d 628 (1980).

For these reasons, appellee's interpretation of the Code cannot be supported by this Court and accordingly, we will enter the following

ORDER

AND Now, March 18, 1981, Civil Action No. 79-920-10-6, dated June 5, 1979, of the Court of Common Pleas of Bucks County is hereby reversed.