In Re: Appeal of John J. Elias from the Suspension of Motor Vehicle Operator's License by the Department of Revenue. John J. Elias, Appellant.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Ralph D. Conrad,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, December 17, 1982:

John J. Elias has appealed from an order of the Court of Common Pleas of Fayette County upholding the action of the Department of Transportation[1] revoking his operating privileges for a period of five years as an habitual offender of the traffic laws. Section 1542 of the Vehicle Code (Code), 75 Pa. C. S. §1542, provides for the revocation of the licenses of habitual offenders, defined as persons who have been convicted of as many as three of a number of described offenses and further providing that "[a]cceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purpose of this Section." Section 1542(c) of the Code. We affirm the court's order.

On July 21, 1978, the appellant was charged with operating a motor vehicle without a license and was convicted. On August 17, 1980 and again on October 12, 1980, the appellant was arrested for violations of Section 3731 of the Code—driving under the influence of intoxicating drink. The appellant was admitted to the Accelerated Rehabilitative Disposition program

---

[1] The caption in this case has, since this case was in the court of common pleas, erroneously recorded the appellee as the Commonwealth Department of Revenue. Of course, the Commonwealth Department of Transportation is, and has been, the appellee.

(ARD) on the two drunk driving charges. The department thereupon issued a Notice of Revocation of the appellant's operator's license pursuant to 75 Pa. C. S. §1542. On appeal, the court after a hearing, held that the appellant's admissions to the ARD program on the charges were to be treated with the one conviction as comprising three incidents necessary to make the appellant an habitual offender under 75 Pa. C. S. §1542.

The appellant argues that the admissions to ARD should not be considered in determining whether the operator is an habitual offender. But *Bureau of Traffic Safety v. McDevitt*, 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), is controlling. We there held that admissions to ARD are to be counted in such determination.

> Appellee chose a program where formal convictions could not be obtained. Before this Court appellee now wrongfully argues that the offenses underlying his admission into the A.R.D. program cannot be used to determine whether he is an habitual offender solely because he was not formally convicted of the underlying offenses. Such a result would be contrary to the legislative intent of Section 1542 to protect the public from reported incidences of careless driving by assessing additional penalties against persons categorized as habitual offenders.

*McDevitt*, 57 Pa. Commonwealth Ct. at 593, 427 A.2d at 282.

The appellant's due process arguments were not made the subject of questions involved and are not matters we need to consider. Pa. R.A.P. 2116. They are, in any event, without merit. The provision of the de novo hearing in the court of common pleas satisfied procedural due process. *Commonwealth v. Grind-*

*linger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973). Since Pa. R. Crim. P. 178 requires one admitted to ARD to waive his right to prove his innocence or risk conviction by entering a plea, he cannot now complain that he had no opportunity to prove that he was not guilty of the drunk driving charges. *Mc-Devitt, supra.*

Order affirmed.

ORDER

AND Now, this 17th day of December, 1982, the order of the Court of Common Pleas of Fayette County dated October 15, 1981 is hereby affirmed.