## Commonwealth v. Foster

*Christopher Serpico, assistant district attorney,* for the Commonwealth.
*Nicholas Mancini,* for defendant.

KELTON, *J.*, February 6, 1985—The single post-trial issue in this drunk driving case is whether defendant is disqualified from Accelerated Rehabilita-

tive Disposition because of the provisions of subsection (d)(1) of §3731 of the Vehicle Code, 75 Pa.C.S. §3731 (d)(1). That subsection provides:

"(d) Certain dispositions prohibited.—The attorney for the Commonwealth shall not submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

"(1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought *under this section* within seven years of the date of the current offense; . . ." (Emphasis supplied).

We hold that defendant is statutorily disqualified for ARD because he had previously accepted an ARD disposition on a 1981 DUI charge. We also hold that in any event, the district attorney did not abuse his discretion when he refused to recommend defendant for ARD for the new 1984 offense.

The relevant facts are not in dispute.

Defendant had a prior arrest for driving under the influence in 1981 (before the January 14, 1983 effective date of the mandatory sentence amendments to §3731). On that occasion he was placed on ARD and the case was ultimately nolle prossed by the district attorney on September 10, 1982.

On September 3, 1984, defendant, while driving his van, was involved in a one-vehicle accident. When observed at the scene by Officer Apgar of the Falls Township Police, he was found to be heavily intoxicated. A breathalyzer test revealed that he had a blood alcohol level of .24.

Defendant argues that the 1983 statute reference to charges "brought under this section," should be construed to apply only to previous ARD's for offenses occurring *after* January 14, 1983. He contends that the term "section" means only §3731 (d)(1)(2) and (3), and that because those provisions

are new, they cannot be construed to apply to earlier ARD's.

This interpretation, however, is contrary to the plain meaning of the statute. First, subsection (d) refers to a disposition of a *charge* brought "under this section." *Charges* are brought under subsection (a). That subsection's first three paragraphs are identical to §3731 as they were worded under Act 81 effective July 1, 1977 before the recent amendments. Second, the word "section" is also currently used in subsections (b), (c), (e) (1) (2) (3) (4) (5) (6) (7) and (f). Clearly, the same meaning is intended each time the term is used, i.e., the entire section 3731 and not merely the amended subsection (d). Otherwise §3731 as a whole makes no sense when read in its entirety.

We note also that under §3731 as worded from 1977 through 1982 under the Act of June 17, 1976, P.L. 162, eff. July 1, 1977, the word "section" was used in a similar manner in subsections (b), (c) and (d) thereof.

Defendant also argues that to deny ARD to defendant is "patently unfair" and effects a "retroactive application." In our judgment, the statute is not retrospective. It is his conduct on a post statute date, September 3, 1984, which was prohibited by the statute and as to that, the legislature had already put defendant on notice that if he drove again, while under the influence, he wouldn't get ARD.

Compare Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258 (1948), rehearing denied 335 U.S. 837, upholding the validity of the Pennsylvania Habitual Offender Sentencing Act (formerly 18 P.S. §5108) where one of the prior criminal offenses which entered into the sentencing calculations was committed before the effective date of that act. In Gryger, Justice Jackson stated: "The sentence as a

fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." See also Department of Transportation, Bureau of Traffic Safety v. McDevitt, 57 Pa. Commw. 589, 427 A.2d 280 (1981), aff'd. 500 Pa. 530, 458 A.2d 939 (1983), which holds that an earlier ARD participation constitutes a prior "conviction" under the multiple offender *civil* penalty provisions of the Vehicle Code.

Finally, we also find that under the facts of this case, the district attorney did not abuse his discretion, if any he had, in refusing to submit this case for ARD. Here, defendant was involved in an accident and was well over the permissible alcohol limits. Compare Commonwealth v. Kindness, 247 Pa. Super. 99, 371 A.2d 1346 (1977).

### ORDER

And now, February 6, 1985, defendant's motions for new trial and in arrest of judgment are denied and he is directed to appear for sentence on Friday, March 1, 1985 at 9:30 a.m. in Courtroom Four.