Herman Dean Brewster, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 11, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Robert C. Whitley, III,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, January 22, 1986:

Herman Dean Brewster (appellant) appeals from an order of the Court of Common Pleas of Montgomery County, which affirmed the order of the Department of Transportation (DOT) revoking his driver's license for five years pursuant to the habitual offender provisions of Section 1542 of the Motor Vehicle Code (Code).[1]

---

[1] 75 Pa. C. S. §1542.

The issue before this Court is whether Section 1542 (c) of the Code, which mandates that an Accelerated Rehabilitative Disposition (ARD) program shall constitute an offense for purposes of determining habitual offender status, is unconstitutional. It is appellant's contention that Section 1542(c) of the Code is unconstitutional because it deprives the appellant of a property right without due process of law. Appellant asserts he was deprived of the right to drive without due process because he was never informed that participation in an ARD would constitute an offense for purposes of the habitual offender provisions of the Code when he was making the decision to accept the ARD program.[2]

Section 1542 of the Code provides:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record . . . shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) . . .

(b) Offenses enumerated—Three convictions . . . shall result in [a designation] as a habitual offender . . .

_____

[2] Appellant also apparently asserts that the ARD cannot be considered as a "conviction," as required by §1542 of the Code. We have already decided this issue in *Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam* 500 Pa. 532, 450 A.2d 939 (1983). In *McDevitt* we held that the acceptance of an ARD program constituted a conscious choice of an alternative to prosecution and a knowing waiver of the right to prove innocence or risk conviction by defending oneself at trial. Therefore, the acceptance of an ARD can be counted as an offense for purposes of §1542 of the Code, as provided by the General Assembly.

    (c)   Accelerated Rehabilitative Disposition as an offense—Acceptance of Accelerated Rehabilitative Disposition for any offense enumerated . . . shall be considered an offense for the purposes of this section.[3]

In this case, the appellant committed three offenses, one of which resulted in appellant's participation in an ARD program in Bucks County. There is no dispute that when appellant entered the ARD program he was never advised that his acceptance of the ARD program could result in the loss of his license if he committed further offenses which were within the purview of the habitual offender provisions of the Code.

    A license cannot be revoked without the procedural due process required by the Fourteenth Amendment. *Bell v. Burson*, 402 U.S. 535, 539 (1971); *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 539, 300 A.2d 831, 833 (1973); *see Liebler v. Commonwealth*, 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984). We must, therefore, decide whether due process requires that the appellant should have been warned in a criminal proceeding of the civil implications of entering an ARD program. The ARD program is provided as part of criminal proceedings. Pa. R. Crim. P. 175-185. However, a license revocation is a civil proceeding. The suspension of operating privileges is, therefore, a collateral consequence of any criminal proceedings. It is a consequence, civil in nature; whose imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility. "Courts have thus consistently held that a trial court's failure to inform a defendant of this potential collateral consequence does not invalidate his [guilty] plea." *Commonwealth v. Wellington*, 305 Pa. Supe-

---

[3] 75 Pa. C. S. §1542.

rior Ct. 24, 27, 451 A.2d 223, 224 (1982); *Commonwealth v. Englert*, 311 Pa. Superior Ct. 78, 457 A.2d 121 (1983). This Court fails to perceive any reason why acceptance by the appellant of an ARD program should be invalidated, or at least not considered for purposes of Section 1542 of the Code, any more than a guilty plea.

We considered a similar question in the case of *Zanotto v. Department of Transportation*, 83 Pa. Commonwealth Ct. 69, 475 A.2d 1375 (1984). In that case, the appellant contended "that a de novo hearing in common pleas court does not satisfy due process, because at the time of his convictions, he was not informed of the ultimate consequences of multiple convictions, i.e., the triggering of the habitual offender provision." *Id.* at 71, 475 A.2d at 1375. We held that a de novo hearing adequately safeguards the notice requirements of due process. Likewise, in this case, the appellant was certainly afforded both the opportunity to challenge his license revocation before DOT, and in a de novo hearing before the Court of Common Pleas. The appellant's due process rights were thus adequately protected. *Elias Appeal*, 70 Pa. Commonwealth Ct. 404, 453 A.2d 372 (1982); *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

Therefore, we hold that Section 1542(c) of the Code is constitutional, and the appellant's participation in an ARD may be counted as an offense for the purposes of the habitual offender provisions of the Code. *Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam* 500 Pa. 532, 459 A.2d 939 (1983). Consequently, the trial court is affirmed.

## ORDER

AND Now, January 22, 1986, the order of the Court of Common Pleas of Montgomery County, No. 84-02688, dated April 13, 1984, is affirmed.