578 A.2d 47

**Charles R. LANSBERRY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 17, 1987.

Decided March 30, 1988.

Reargument Denied June 9, 1988.

Publication Ordered Aug. 6, 1990.

S. Lee Ruslander II, West Chester, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, John L. Heaton, Chief Counsel, Harrisburg, and Thomas Hines, Asst. Atty. Gen., for appellee.

Before MacPHAIL and BARRY, JJ., and BARBIERI, Senior Judge.

2

MacPHAIL, Judge.

Charles R. Lansberry (Appellant) appeals an order of the Court of Common Pleas of Chester County which denied his appeals of a five-year revocation of his operating privilege by the Department of Transportation pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa.C.S. § 1542 (habitual offender provision), and a six-month suspension for violation of Section 3743 of the Code, 75 Pa.C.S. § 3743 (accidents involving damage to attended vehicle or property).

Appellant argues here, as he did before Judge Charles B. Smith of the common pleas court, that the habitual offender provision is inapplicable in his case because he has not accumulated the three convictions necessary for habitual offender treatment. Specifically, Appellant raises the following issues: 1) whether Accelerated Rehabilitative Disposition (ARD) is a conviction for habitual offender purposes; [1] 2) whether Appellant was deprived of due process by not being permitted to challenge the underlying conviction in his appeal of the suspension under Section 3743; and 3) whether a five and one-half year total suspension is cruel and unusual punishment.

Our review of the record and Judge Smith's opinion and order denying Appellant's appeals satisfies us that Judge Smith carefully considered Appellant's arguments and appropriately disposed of each issue raised, for the reasons set forth in that opinion. We, accordingly, will affirm on Judge Smith's opinion at Nos. 84–00104 and 84–06240 Chester County Civil Division, filed August 15, 1986.

We also grant the Department's request for counsel fees pursuant to Pa.R.A.P. 2744, inasmuch as we agree that Appellant's appeal is frivolous. *See Zeitlen v. Department of Transportation,* 106 Pa.Commonwealth Ct. 170, 525 A.2d 876 (1987). The case is, therefore, remanded to the common

---

**1.** We decline to overrule our decision in *Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa.Commonwealth Ct. 589, 427 A.2d 280 (1981), as Appellant requests, which is dispositive of the ARD issue. As correctly noted by the Department, *McDevitt* was affirmed by our Supreme Court in *McDevitt v. Department of Transportation, Bureau of Traffic Safety,* 500 Pa. 532, 458 A.2d 939 (1983).

pleas court for a determination of the amount to be paid to the Department, as authorized by Pa.R.A.P. 2744.

## ORDER

The order of the Court of Common Pleas of Chester County in Nos. 84–00104 and 84–06240 is hereby affirmed. The case is remanded to that court for a determination of the amount of counsel fees to be paid to the Department of Transportation, pursuant to Pa.R.A.P. 2744.

Jurisdiction relinquished.

## ORDER

PER CURIAM.

AND NOW, this 6th day of August 1990, it is ORDERED that the opinion filed March 30, 1988 shall be designated OPINION, rather than MEMORANDUM OPINION, and that it shall be reported.