615 A.2d 867

**Bernard T. CUDWADIE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 1992.

Decided Aug. 21, 1992.

James J. Rosini, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Bernard T. Cudwadie appeals from a decision of the Court of Common Pleas of Union County affirming the Department of Transportation's suspension of Cudwadie's license for one year pursuant to 75 Pa.C.S. § 1575 of the Vehicle Code. We reverse.

The facts in this case, as found by the trial court, are as follows. On May 27, 1990, Cudwadie permitted his companion for the evening, Brenda Derr, to drive Cudwadie's vehicle. While driving Cudwadie's car, Derr was arrested for driving under the influence, 75 Pa.C.S. § 3731. Cudwadie was charged with the same offense pursuant to the "piggy-back" statute, 75 Pa.C.S. § 1575, which, at the time of the offense, stated:

§ 1575. **Permitting violation of title**

(a) **General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

(b) **Penalty.**—*Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and subject to the same penalties including*

*any suspension or revocation* of the operating privilege or the assessment of points. (Emphasis added.)

In November, 1990, while Cudwadie's case was pending, the General Assembly amended the statute to read:

### § 1575. Permitting violation of title

(a) **General rule.**—No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

(b) **Penalty.**—Any person violating the provisions of subsection (a) is guilty of a summary offense and is subject to the same fine as the driver of the vehicle. If the driver is *convicted under section 3731* (relating to driving under influence of alcohol or controlled substance) or 3735 (relating to homicide by vehicle while driving under influence), the person violating subsection (a) shall also be subject to suspension or revocation, as applicable, under sections 1532 (relating to revocation or suspension of operating privilege) and 1542 (relating to revocation of habitual offender's license). (Emphasis added.)

Thus, the General Assembly amended the statute to read that a violation of the statute is a summary offense and a driver must be *convicted* under section 3731 or section 3735 for the owner to be subject to suspension or revocation.

After the arrest of Derr, the driver, and Cudwadie, as owner of the vehicle, the trial court permitted Derr to enroll in an ARD program. On January 9, 1991, Cudwadie, pursuant to a plea bargain agreement based upon the amended statute, pleaded guilty before a district justice to a summary offense.

Following Cudwadie's conviction, DOT suspended Cudwadie's license for one year pursuant to 75 Pa.C.S. § 1532(b)(3), which states that the "department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the *driver's conviction* of section 3731 . . . . " (Emphasis added.)

Cudwadie appealed his suspension to the common pleas court and raised two issues: (1) whether the amended § 1575

or original § 1575 applied to his case; and (2) whether acceptance into an ARD program is considered a "conviction" under the Vehicle Code.

On September 10, 1991, the trial court held a de novo hearing. The trial court agreed with Cudwadie that the amended statute applied because Cudwadie had pleaded guilty to a summary offense based upon the amended statute, but affirmed Cudwadie's suspension, finding that the driver's ARD was a conviction under § 1575.

Cudwadie now appeals to this court seeking to overturn the trial court's affirmance of DOT's suspension of his license.[1]

■ Initially, Cudwadie argues that the amended § 1575 applies to his case. We agree. At the time of his offense, the pre-amendment version of the statute was in effect. However, as a result of a plea bargain, Cudwadie pleaded guilty to a summary offense based on the amended statute. As the trial court stated, because the district justice found Cudwadie guilty of a summary offense which is unique to the amended statute, the amended statute is applicable.

■ Because the thus-applied version of the statute states that the owner of the vehicle is subject to suspension or revocation if the driver is "convicted" of driving under the influence, Cudwadie argues that DOT cannot suspend his license for one year when the driver was accepted into ARD and not convicted of the underlying offense. Cudwadie argues that ARD is not a conviction under the Vehicle Code.

In this case, Derr was accepted into ARD and had her license suspended for three months pursuant to § 3731(e)(6)(ii) which mandates a suspension of not less than one month or more than twelve months.

---

1. Our scope of review in a license suspension appeal is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Georgiadis*, 116 Pa.Commonwealth Ct. 563, 542 A.2d 225 (1988).

DOT suspended Cudwadie's license for one year pursuant to § 1532(b)(3) which mandates a one-year suspension upon a "conviction" of driving under the influence. We must decide whether ARD is a "conviction" for purposes of § 1575 and § 1532(b)(3).

■ Where the words of a statute are clear, the letter of the statute may not be disregarded under the pretext of pursuing an unstated legislative intent. *City of Pittsburgh v. Royston Service, Inc.*, 37 Pa.Commonwealth Ct. 394, 390 A.2d 896 (1978). Section 6501(a) defines a conviction as "a plea of guilty, a plea of nolo contendre, a finding of guilty by a court or an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court." According to this definition, acceptance into ARD is not a conviction.

However, in *Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa.Commonwealth Ct. 589, 427 A.2d 280 (1981), this court stated that, for purposes of the habitual offender statute, 75 Pa.C.S. § 1542, acceptance into ARD is a "conviction".

> Because A.R.D. is an alternative to prosecution, formal convictions of the driving violations underlying admission into the A.R.D. program cannot be obtained.... Appellee chose a program where formal convictions could not be obtained. Before this Court appellee now wrongfully argues that the offenses underlying his admission into the A.R.D. program cannot be used to determine whether he is an habitual offender solely because he was not formally convicted of the underlying offenses. Such a result would be contrary to the legislative intent of Section 1542 to protect the public from repeated incidences of careless driving by assessing additional penalties against persons categorized as habitual offenders.

*McDevitt*, 57 Pa.Commonwealth Ct. at 592–93, 427 A.2d at 282.

In essence, *McDevitt* states that acceptance of ARD operates as a conviction for the purpose of the enhancement of sanctions for multiple violations.

In *Brewster v. Department of Transportation*, 94 Pa.Commonwealth Ct. 277, 503 A.2d 497 (1986), this court stated, "acceptance of an ARD program constitutes a conscious choice of an alternative to prosecution and a knowing waiver of the right to prove innocence or risk conviction by defending oneself at trial." 94 Pa.Commonwealth Ct., at 279, n. 2, 503 A.2d 497–98, n. 2.

However, there is obviously a meaningful distinction between *McDevitt*, where a driver's acceptance of ARD could be treated as equivalent to a conviction in terms of the impact upon the driver himself, and this case, where we are confronted with the prospect of the *driver's* acceptance of ARD vicariously affecting the sanctions imposed on the vehicle *owner*.

Here, Derr, the driver, made a conscious decision to forgo the opportunity to defend herself at trial by accepting ARD. Clearly, Cudwadie could not compel Derr to defend herself; she, even though she believed herself to be innocent, was free to accept ARD in lieu of full prosecution. Hence, the driver's ARD acceptance cannot be treated as a conviction in relation to the owner.

Additionally, treating ARD as a conviction in this instance would result in disparate treatment. Derr, the driver, whose actions were arguably more serious, received a three-month suspension, whereas Cudwadie, the passenger, would receive a one-year suspension.

Accordingly, because the amended version of the statute applies to Cudwadie, and because ARD chosen by one person cannot be treated as a conviction affecting another person under amended § 1575 of the Code, the decision of the trial court, affirming DOT's suspension of Cudwadie's license is reversed.

## ORDER

NOW, August 21, 1992, the order of the Court of Common Pleas of Union County, dated October 18, 1991, No. 91–0373, is reversed.