# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Holly Sara Seelhorst,        :
        :
        Appellant    :
        :
        v.        : No. 73 C.D. 2021
        : Submitted: September 16, 2022
Commonwealth of Pennsylvania,    :
Department of Transportation,    :
Bureau of Driver Licensing    :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                  FILED: November 7, 2022


        Holly Sara Seelhorst (Licensee) appeals the order of the Cumberland County Court of Common Pleas (trial court) denying her statutory appeal, and affirming the one-year suspension of her operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 3804(e)(2)(i) of the Vehicle Code.[1]  We affirm.

---

[1] 75 Pa. C.S. §3804(e)(2)(i).  In relevant part, Section 3804(e)(1)(i), (2)(i) and (iii) of the Vehicle Code states:

       **(e) Suspension of operating privileges upon conviction.--**

       (1) [DOT] shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

**(Footnote continued on next page…)**

On November 16, 2016, Licensee was accepted in the Accelerated Rehabilitative Disposition program in the trial court for her violation of Section 3802(c) of the Vehicle Code[2] on March 30, 2016.  Supplemental Reproduced Record

> (i) an offense under section 3802 . . . .
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:
>
>> (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor . . . under this chapter.
>>
>> \* \* \*
>>
>> (iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.

75 Pa. C.S. §3804(e)(1)(i), (2)(i) and (iii).  In turn, Section 3802(a)(2) provides:

> (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(2).  It is undisputed in this case that Licensee's conviction triggering the suspension was a violation of Section 3802(a)(2) as an ungraded misdemeanor.  *See* SRR at 7; Section 3803(a)(1) of the Vehicle Code, 75 Pa. C.S. §3803(a)(1) ("An individual who violates section 3802(a) . . . and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804. . . .").

---

[2] 75 Pa. C.S. §3802(c).  Section 3802(c) states:

> **(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol

**(Footnote continued on next page…)**

(SRR) at 12. Pursuant to Section 3807(d)(2) of the Vehicle Code,[3] DOT suspended Licensee's operating privilege for 30 days effective November 16, 2016. SRR at 10-11, 12, 16. On December 28, 2016, Licensee's operating privilege was restored. *Id.*

On June 3, 2020, Licensee was convicted of violating Section 3802(a)(2), again as an ungraded misdemeanor, on October 26, 2019. SRR at 7-8. By official notice mailed on June 11, 2020, DOT imposed the instant one-year suspension pursuant to Section 3804(e)(2)(i), effective July 16, 2020. SRR at 2-6. Licensee timely appealed the suspension to the trial court.

On November 4, 2020, the trial court held a *de novo* hearing of Licensee's appeal. Reproduced Record (RR) at 1-6. The trial court admitted into evidence without objection DOT's Exhibit C-1, containing certified documents of Licensee's prior participation in ARD, prior Section 3802(a)(2) conviction, and her driving record. *See* RR at 3; SRR at 1-18. Licensee's counsel did not offer any evidence, stating that he "will reserve anything else in a separate memo," RR at 4, relating to her claim that DOT's imposition of the one-year suspension was invalid under the Superior Court's opinion in *Commonwealth v. Chichkin*, 232 A.2d 959 (Pa. Super. 2020).[4]

---

concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

[3] 75 Pa. C.S. §3807(d)(2). Section 3807(d)(2) provides, in pertinent part: "As a condition of participation in an [ARD] program, the court shall order the defendant's license suspended . . . [f]or 30 days if the defendant's blood alcohol concentration at the time of testing was at least 0.10% but less than 0.16%."

[4] Section 3806(a)(1) of the Vehicle Code states, in relevant part, that "the term 'prior offense' as used in this chapter shall mean any . . . acceptance of [ARD] . . . before the sentencing **(Footnote continued on next page…)**

Ultimately, on December 30, 2020, the trial court issued the instant order denying Licensee's statutory appeal and affirming DOT's one-year suspension of her operating privilege. RR at 11. Licensee then filed this timely appeal.[5]

The sole claim that Licensee raises on appeal is that the trial court erred in dismissing her appeal and affirming DOT's one-year suspension under Section

---

on the present violation for . . . an offense under section 3802 . . . ." 75 Pa. C.S. §3806(a)(1). In *Chichkin*, the court held that the criminal sentence enhancement provisions of Section 3806(a) violated the defendant's procedural and substantive due process rights. *See Chichkin*, 232 A.3d at 971. ("[W]e conclude the particular provision of [Section] 3806(a) which defines a prior acceptance of ARD in a [driving under the influence (DUI)] case a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional.").

[5] As this Court has explained: "'Our review [on appeal] is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion.'" *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628, 630 n.4 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022) (citation omitted). In addition:

> "In a license suspension case, the only issues are whether the licensee was in fact convicted, and whether []DOT has acted in accordance with applicable law." []DOT bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. []DOT must also establish that it acted in accordance with applicable law.
>
> * * *
>
> To overcome the rebuttable presumption that []he was convicted of these offenses, [the l]icensee bore the burden of proving by clear and convincing evidence that the record was erroneous. Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue."

*Id.* at 633 (citations omitted).

4

3804(e)(2)(i) of the Vehicle Code because DOT improperly treated her previous participation in the trial court's ARD program as a "prior offense" to preclude the application of the first offense, non-suspension provision in Section 3804(e)(2)(iii). In support, Licensee relies upon *Chichkin* in arguing that the application of the enhancement provision in imposing the instant license suspension is likewise unconstitutional in these civil proceedings.

However, in *Ferguson*, this Court expressly rejected Licensee's argument. Indeed, as this Court explained:

> Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, *i.e.*, the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "[s]uspension of operating privileges upon conviction," *i.e.*, the collateral civil consequence thereof. 75 Pa. C.S. §3804(e); *see Brewster*[ *v. Department of Transportation*, 503 A.2d 497, 498 (Pa. Cmwlth. 1986)]. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

*Ferguson*, 267 A.3d at 632.

Moreover, and more importantly, the Superior Court has recently expressly overruled its prior holding in *Chichkin*. *See Commonwealth v. Moroz*, ___ A.3d ___, ___ (Pa. Super., No. 282 MDA 2021, filed October 4, 2022), slip op. at 12 ("Accordingly, we expressly overrule *Chichkin*. We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes

5

constitutional muster."). As a result, we reject Licensee's claim that *Chichkin* provides a basis for reversing the trial court's order in this matter, and affirm that order based on the reasoning stated by this Court in *Ferguson*.[6]

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[6] *See also Hazlett v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1007 C.D. 2020, filed September 30, 2022), slip op. at 4 ("[The licensee's] argument that a driver's acceptance of ARD for a DUI offense cannot be treated as a prior offense for purposes of future DUI-related operating privilege suspensions was recently rejected by this Court. *See Ferguson*, 267 A.3d at 632. Accordingly, we follow our prior, precedential decision in *Ferguson*, reject [his] argument, and reverse the trial court's order."); *Owen v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1268 C.D. 2020, filed September 30, 2022), slip op. at 11-12 ("Based on *Ferguson*, we agree with DOT that *Chichkin* is not applicable to civil license suspension cases and, thus, that [the l]icensee's ARD does constitute a prior offense as defined by Section 3806(a) of the Vehicle Code. Further, as in *Ferguson*, DOT met its *prima facie* burden of proving that [the l]icensee was subject to a 12-month license suspension . . . . As [the l]icensee did not challenge DOT's evidence, the record supports DOT's imposition of the 12-month license suspension in this case.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Holly Sara Seelhorst,           :
                               :
           Appellant   :
                               :
         v.                : No. 73 C.D. 2021
                               :
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing      :

# **O R D E R**

AND NOW, this 7th day of <u>November</u>, 2022, the order of the Cumberland County Court of Common Pleas dated December 30, 2020, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge