# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Bollinger, Jr.            :
                                 :
            v.                   :
                                 :
Commonwealth of Pennsylvania,    :
Department of Transportation,    :
Bureau of Driver Licensing,      :   No. 1125 C.D. 2020
                 Appellant       :   Submitted: September 16, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  January 20, 2023


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the Huntingdon County Common Pleas Court's (trial court) October 16, 2020 order sustaining Ronald Bollinger, Jr.'s (Licensee) appeal from DOT's 12-month suspension of his driving privileges, and rescinding the license suspension.  DOT presents one issue for this Court's review: whether the trial court erred as a matter of law by holding that Licensee's 2013 acceptance of Accelerated Rehabilitative Disposition (ARD) for violating Section 3802(a)(1) of the Vehicle Code[1] on February 2, 2013, was not a "prior offense"

---

[1] 75 Pa.C.S. § 3802(a)(1) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.").

under Section 3806 of the Vehicle Code[2] relative to his August 14, 2020 conviction for violating Section 3802(a)(1) of the Vehicle Code as an ungraded misdemeanor on January 17, 2020. After review, this Court reverses.

On January 17, 2020, Licensee was arrested for Driving Under the Influence (DUI) and other traffic violations. The DUI offense was originally charged as DUI - General Impairment, Second Offense pursuant to Section 3806 of the Vehicle Code, as Licensee previously accepted ARD in relation to a 2013 DUI charge, and Section 3806(a)(1) of the Vehicle Code required that his prior ARD be treated as a prior DUI conviction.

On May 20, 2020, the Pennsylvania Superior Court ruled in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022), that Section 3806(a)(1) of the Vehicle Code, which defines a prior acceptance of ARD in a DUI case as a "prior offense" for DUI *criminal sentencing* enhancement purposes, is unconstitutional. Consistent with *Chichkin*, when Licensee pleaded guilty on August 14, 2020, the Commonwealth amended the criminal information to remove the second offense DUI and replaced it with a first offense DUI. Ultimately, Licensee pleaded guilty to one violation each of Section 3802(a)(1) of the Vehicle Code, DUI - General Impairment, First Offense, and Section 3714(a) of the Vehicle Code,[3] Careless Driving.

The Huntingdon County Clerk of Court reported Licensee's first offense DUI conviction to DOT as required by Section 6323 of the Vehicle Code.[4]

---

[2] 75 Pa.C.S. § 3806. Section 3806(a)(1) of the Vehicle Code declares: "[T]he term 'prior offense' . . . shall mean . . . acceptance of [ARD] . . . for . . . an offense under [S]ection 3802 [of the Vehicle Code] (relating to driving under the influence of alcohol or controlled substance)[.]" 75 Pa.C.S. § 3806(a)(1).

[3] 75 Pa.C.S. § 3714(a).

[4] 75 Pa.C.S. § 6323.

2

DOT treated the conviction as Licensee's second DUI offense within 10 years, citing Section 3806 of the Vehicle Code. Accordingly, DOT suspended Licensee's operating privilege for 12 months, pursuant to the *civil penalty provision* of Section 3804(e)(2)(i) of the Vehicle Code.

Licensee appealed to the trial court which held a hearing on October 13, 2020. On October 16, 2020, the trial court sustained Licensee's appeal and rescinded the license suspension. DOT appealed to this Court.[5, 6] On November 10, 2020, the trial court directed DOT to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On November 23, 2020, DOT filed its Rule 1925(b) Statement. On January 5, 2021, the trial court filed its Rule 1925(a) Opinion.

DOT argues that the sole reason the trial court sustained Licensee's statutory appeal is because the trial court construed *Chichkin* as precluding DOT from treating Licensee's ARD-DUI as a "prior offense" under Section 3806 of the Vehicle Code, thereby making Licensee eligible for the statutory exception to suspension contained in Section 3804(e)(2)(iii) of the Vehicle Code.[7]

However, this Court ruled in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021), *petition for allowance of appeal granted*, 280 A.3d 859 (Pa. 2022), *petition for supersedeas and stay granted* (Pa. No. 73 MAP 2022, filed July 7, 2022):

---

[5] "Our review is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

[6] By November 8, 2021 Order, this Court precluded Licensee from filing a brief because he failed to file a brief as required by this Court's May 27, 2021 Order.

[7] Section 3804(e)(2)(iii) of the Vehicle Code provides: "There shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) [of the Vehicle Code] where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii).

Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, i.e., the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "[s]uspension of operating privileges upon conviction," i.e., the collateral civil consequence thereof. 75 Pa.C.S. § 3804(e); *see Brewster* [*v. Dep't of Transp.*, 503 A.2d 497, 498 (Pa. Cmwlth. 1986)]. Accordingly, **because license suspensions are civil proceedings**, **the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes**.

*Ferguson*, 267 A.3d at 632 (emphasis added); *see also Hazlett v. Dep't of Transp., Bureau of Driver Licensing* (Pa Cmwlth. No. 1007 C.D. 2020, filed Sept. 30, 2022); *Owens v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 1268 C.D. 2022, filed Sept. 30, 2022); and *Boals v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 1266 C.D. 2020, filed Oct. 20, 2022) (wherein this Court again confirmed that *Chichkin* is not applicable to license suspension cases, and the licensee's ARD is a prior offense as defined in Section 3806(a) of the Vehicle Code).[8]

Even if *Chichkin* was applicable for civil license suspension purposes, the Pennsylvania Superior Court has since overruled *Chichkin*. *See Moroz*, 284 A.3d at 233 (concluding that Section 3806(a) of the Vehicle Code gives a defendant proper notice that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes and ARD acceptance is a voluntary choice "mitigat[ing] the due

---

[8] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). The unreported opinions cited herein are cited for their persuasive value.

4

process concerns advanced in *Chichkin*[]").  Accordingly, the trial court's order is reversed.

For all of the above reasons, the trial court's order is reversed.


_____
ANNE E. COVEY, Judge

Judge Wallace did not participate in the decision in this matter.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Bollinger, Jr.                    :
                                         :
        v.                               :
                                         :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing,              :     No. 1125 C.D. 2020
                     Appellant           :

O R D E R

AND NOW, this 20th day of January, 2023, the Huntingdon County Common Pleas Court's October 16, 2020 order is reversed.

_____
ANNE E. COVEY, Judge