IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie Westbeld,                                :
                                               :
                          Appellant            :
                                               :
            v.                                 : No. 1252 C.D. 2020
                                               : Submitted: December 30, 2022
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing                     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  September 22, 2023


        Julie Westbeld (Licensee) appeals from the order of the Venango

County Court of Common Pleas (trial court) denying her statutory appeal, and

affirming the one-year suspension of her operating privilege imposed by the

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver

Licensing (DOT), pursuant to Section 3804(e)(2)(i) of the Vehicle Code.[1]  We

affirm.

---

[1] 75 Pa. C.S. §3804(e)(2)(i).  In relevant part, Section 3804(e)(1)(i), (2)(i) and (iii) of the
Vehicle Code states:

        **(e) Suspension of operating privileges upon conviction.--**

**(Footnote continued on next page…)**

On December 2, 2016, Licensee was accepted in the Accelerated Rehabilitative Disposition (ARD) program in the trial court for her driving under the influence (DUI) charge, in violation of Section 3802(c) of the Vehicle Code,[2] on

(1) [DOT] shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

(i) an offense under section 3802 . . . .

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor . . . under this chapter.

* * *

(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.

75 Pa. C.S. §3804(e)(1)(i), (2)(i) and (iii). In turn, Section 3802(a)(1) provides:

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(1). It is undisputed in this case that Licensee's conviction for DUI triggering the suspension was a violation of Section 3802(a)(1) as an ungraded misdemeanor. *See* Supplemental Reproduced Record (SRR) at 7b; Section 3803(a)(1) of the Vehicle Code, 75 Pa. C.S. §3803(a)(1) ("An individual who violates section 3802(a) . . . and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804. . . .").

[2] 75 Pa. C.S. §3802(c). Section 3802(c) states:
**(Footnote continued on next page…)**

2

March 30, 2016. Supplemental Reproduced Record (SRR) at 11b. Pursuant to Section 3807(d)(2) of the Vehicle Code,[3] DOT suspended Licensee's operating privilege for 30 days effective December 2, 2016. *Id.* at 9b-10b, 14b. On June 2, 2017, Licensee's operating privilege was restored. *Id.* at 8b.

On July 17, 2020, Licensee was convicted of violating Section 3802(a)(1), as an ungraded misdemeanor, on October 26, 2019. SRR at 7b. By official notice mailed on July 27, 2020, DOT imposed the instant one-year suspension pursuant to Section 3804(e)(2)(i), effective August 31, 2020. Reproduced Record (RR) at 1a-3a;[4] SRR at 2b-6b. Licensee timely appealed the suspension to the trial court.

On October 14, 2020, the trial court held a *de novo* hearing of Licensee's appeal. RR at 4a-11a. The trial court admitted into evidence without objection DOT's Exhibit C-1, containing certified documents of Licensee's prior participation in ARD, prior Section 3802(a)(1) conviction, and her driving record.

---

> **(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

*Id.*

[3] 75 Pa. C.S. §3807(d)(2). Section 3807(d)(2) provides, in pertinent part: "As a condition of participation in an [ARD] program, the court shall order the defendant's license suspended . . . [f]or 30 days if the defendant's blood alcohol concentration at the time of testing was at least 0.10% but less than 0.16%."

[4] We will correct Licensee's improper pagination of the Reproduced Record. *See* Pa.R.A.P. 2173 ("[T]he reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc. . . .").

*See* RR at 5a-6a; SRR at 1b-16b. Licensee's counsel did not offer any evidence; rather, counsel offered legal argument that the Vehicle Code violated Licensee's due process rights, stating that he is "ask[ing] that the suspension not occur because [Licensee] really just pled to a first offense DUI" and that "there's no suspension based off of that." RR at 7a.

Ultimately, on November 10, 2020, the trial court issued the instant order denying Licensee's statutory appeal and affirming DOT's one-year suspension of her operating privilege. Licensee then filed this timely appeal.[5]

The sole claim that Licensee raises on appeal is that the trial court erred in dismissing her appeal and affirming DOT's one-year suspension under Section

---

[5] As this Court has explained: "'Our review [on appeal] is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion.'" *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628, 630 n.4 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022) (citation omitted). In addition:

> "In a license suspension case, the only issues are whether the licensee was in fact convicted, and whether []DOT has acted in accordance with applicable law." []DOT bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. []DOT must also establish that it acted in accordance with applicable law.
>
> * * *
>
> To overcome the rebuttable presumption that []he was convicted of these offenses, [the l]icensee bore the burden of proving by clear and convincing evidence that the record was erroneous. Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue."

*Id.* at 633 (citations omitted).

4

3804(e)(2)(i) of the Vehicle Code because DOT improperly treated her previous participation in the trial court's ARD program as a "prior offense" to preclude the application of the first offense, non-suspension provision in Section 3804(e)(2)(iii). In support, Licensee relies upon *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020),[6] *overruled by Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022), in arguing that the application of the enhancement provision in imposing the instant license suspension is likewise unconstitutional in these civil proceedings.

However, in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628, 632 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022), this Court expressly rejected Licensee's argument, explaining:

> Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, *i.e.*, the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "[s]uspension of operating privileges upon conviction," *i.e.*, the collateral civil consequence thereof. 75 Pa. C.S. §3804(e); *see Brewster*[ *v. Department of Transportation*, 503 A.2d 497, 498 (Pa. Cmwlth. 1986)]. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

---

[6] Section 3806(a)(1) of the Vehicle Code states, in relevant part, that "the term 'prior offense' as used in this chapter shall mean any . . . acceptance of [ARD] . . . before the sentencing on the present violation for . . . an offense under section 3802 . . . ." 75 Pa. C.S. §3806(a)(1). In *Chichkin*, the court held that the criminal sentence enhancement provisions of Section 3806(a) violated the defendant's procedural and substantive due process rights. *See Chichkin*, 232 A.3d at 971 ("[W]e conclude the particular provision of [Section] 3806(a) which defines a prior acceptance of ARD in a DUI case a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional.").

Moreover, and more importantly, the Superior Court has expressly overruled its prior holding in *Chichkin*. *See Moroz*, 284 A.3d at 233 ("Accordingly, we expressly overrule *Chichkin*. We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster."). Based on the foregoing, *Chichkin* does not provide a basis for reversing the trial court's order herein.[7]

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[7] *See also Seelhorst v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 73 C.D. 2021, filed November 7, 2022), slip op. at 6 ("[W]e reject [the l]icensee's claim that *Chichkin* provides a basis for reversing the trial court's order in this matter, and affirm that order based on the reasoning stated by this Court in *Ferguson*."); *Hazlett v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1007 C.D. 2020, filed September 30, 2022), slip op. at 4 ("[The licensee's] argument that a driver's acceptance of ARD for a DUI offense cannot be treated as a prior offense for purposes of future DUI-related operating privilege suspensions was recently rejected by this Court. *See Ferguson*, 267 A.3d at 632. Accordingly, we follow our prior, precedential decision in *Ferguson*, reject [his] argument, and reverse the trial court's order."); *Owen v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1268 C.D. 2020, filed September 30, 2022), slip op. at 11-12 ("Based on *Ferguson*, we agree with DOT that *Chichkin* is not applicable to civil license suspension cases and, thus, that [the l]icensee's ARD does constitute a prior offense as defined by Section 3806(a) of the Vehicle Code. Further, as in *Ferguson*, DOT met its *prima facie* burden of proving that [the l]icensee was subject to a 12-month license suspension . . . . As [the l]icensee did not challenge DOT's evidence, the record supports DOT's imposition of the 12-month license suspension in this case.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie Westbeld,                                    :
                                                   :
                      Appellant    :
                                                   :
           v.                      : No. 1252 C.D. 2020
                                                   :
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Driver Licensing         :

# **O R D E R**

AND NOW, this 22nd day of September, 2023, the order of the Venango County Court of Common Pleas dated November 10, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge