# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Allen Boals, Jr.,         :
               Appellant     :
                        :
         v.          :   No.  1266 C.D. 2020
                        :   Submitted:  June 3, 2022
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER     FILED:  October 20, 2022

Richard Allen Boals, Jr. (Licensee) appeals from the November 23, 2020 Order of the Court of Common Pleas of Washington County (common pleas) that dismissed Licensee's statutory appeal of the Commonwealth of Pennsylvania (Commonwealth), Department of Transportation, Bureau of Driver Licensing's (Department) 12-month suspension of his operating privilege for driving under the influence (DUI).  Upon review, we affirm.

## I. BACKGROUND

The facts in this matter are not in dispute.  On June 12, 2015, Licensee was accepted into the Washington County Accelerated Rehabilitative Disposition (ARD) Program based on a charge of DUI – high rate of alcohol, in violation of Section

3802(b) of the Vehicle Code, 75 Pa.C.S. § 3802(b),[1] stemming from an incident that occurred on November 8, 2014 (2014 Offense). (Supplemental Reproduced Record (S.R.R.)[2] at 12b-13b.) As a result of his acceptance into ARD, and in accordance with Section 3807(d)(2) of the Vehicle Code, 75 Pa.C.S. § 3807(d)(2) (relating to mandatory suspension of operating privileges), the Department suspended Licensee's operating privilege for 30 days. (S.R.R. at 9b-11b.) Licensee completed the suspension, and the Department restored his driving privilege effective August 23, 2015. (S.R.R. at 8b, 17b.)

On June 24, 2020, Licensee pled guilty to and was convicted of DUI – general impairment (1st offense, ungraded misdemeanor), in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1),[3] for an offense that occurred on January 24, 2018, (2018 Offense), and he was sentenced under Section 3804(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3804(a)(1).[4] (S.R.R. at 2b, 6b.) As a result of this

---

[1] Section 3802(b) provides as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

[2] The Supplemental Reproduced Record is attached to the Department's brief as Appendix A and includes the Department's Exhibit 1, which was admitted into evidence at the hearing, but which Licensee did not include in the Reproduced Record. (*See* Department's Brief (Br.) at 2 n.1 & Appendix A.) The documents contained in the Supplemental Reproduced Record are also part of the Supplemental Original Record filed in this matter.

[3] Section 3802(a)(1) provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1).

[4] Section 3804(a)(1) provides as follows:

**(Footnote continued on next page…)**

2

conviction, the Department informed Licensee, by notice mailed on July 7, 2020, that it was suspending his operating privilege for one year, effective August 11, 2020, pursuant to Section 3804(e)(2)(i), 75 Pa.C.S. § 3804(e)(2)(i).[5] (Reproduced Record (R.R.) at 3a-6a.) Licensee appealed his suspension to common pleas, which held a de novo hearing on November 3, 2020. (*Id.* at 11a.)

At the hearing, the Department submitted a certified packet of documents, which were admitted into evidence as Department Exhibit 1 (Licensee's Certified Driving Record). This exhibit included, *inter alia*, a DL-21 Form dated June 20, 2015, showing Licensee's previous acceptance of ARD on June 12, 2015, for the 2014 Offense. (*Id.* at 13a-14a.) The Department also offered a DL-21 Form dated June 29, 2020, reflecting Licensee's June 24, 2020 conviction for the 2018 Offense, for which he was sentenced under Section 3804(a)(1). (*Id.* at 14a-15a.) The

---

**(a) General impairment.**--Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo a mandatory minimum term of six months' probation;
(ii) pay a fine of $300;
(iii) attend an alcohol highway safety school approved by the department; and
(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa.C.S. § 3804(a)(1).

[5] Section 3804(e)(2)(i) provides that "[s]uspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa.C.S. § 3804(e)(2)(i). Subparagraph (iii) states "[t]here shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii).

Department argued that because Licensee's 2018 Offense, and subsequent conviction therefor in 2020, occurred within 10 years of his acceptance of ARD for the 2014 Offense, Section 3804(e)(2)(i) mandated that his operating privilege be suspended for 12 months. (*Id.* at 14a-15a.)

Licensee conceded that he had previously accepted ARD for the 2014 Offense and had subsequently pleaded guilty to another DUI in June 2020. (*Id.* at 15a.) Licensee argued, however, that under *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), which was decided after Licensee's acceptance of ARD and before his June 2020 conviction, Licensee's acceptance of ARD could not be treated as a "prior offense." This allowed Licensee to plead guilty to a first offense DUI in 2020. (*Id.*) Licensee admitted that, but for *Chichkin*, Licensee's 2020 conviction for the 2018 Offense would have been considered a second offense for license suspension purposes. (*Id.* at 15a-16a.) Licensee also argued that, according to Section 3806(b)(2) of the Vehicle Code, 75 Pa.C.S. § 3806(b)(2),[6] it is the sentencing

---

[6] Section 3806(a)-(b) provides, in relevant part:

**(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under [S]ection 3802 (relating to driving under influence of alcohol or controlled substance)[.]

**(b) Timing.--**

(1) For purposes of [S]ection[] . . . 3804 (relating to penalties) . . . , the prior offense must have occurred:

**(Footnote continued on next page…)**

4

court's responsibility to calculate the number of prior offenses, and that the Department should follow what the sentencing court indicated was the number of offenses in its sentencing order. (*Id*. at 16a.) Here, Licensee contends the sentencing court indicated in its sentencing order that Licensee pled guilty to a first offense DUI; thus, the Department should likewise consider the 2020 conviction his first offense for civil license suspension purposes and not impose a 12-month license suspension. (*Id.* at 16a-17a.)

The Department responded that the license suspension is a civil penalty imposed by the Department, not a criminal penalty imposed by the sentencing court. (*Id.* at 18a-19a.) The Department argued that while *Chichkin* held that a sentencing court could not consider ARD as a "prior offense" for purposes of the criminal sentencing provisions of the Vehicle Code, it did not address whether the Department could consider ARD as a "prior offense" for purposes of imposing the civil penalty of a license suspension. (*Id.* at 19a-20a.) Thus, according to the Department, *Chichkin* did not preclude it from treating Licensee's prior acceptance of ARD as a "prior offense" under Section 3806 to his 2020 conviction, thus subjecting him to a 12-month suspension of his operating privilege. (*Id.*)

---

> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
>
> (ii) on or after the date of the offense for which the defendant is being sentenced.
>
> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>
> . . . .

75 Pa.C.S. § 3806(a)-(b).

On November 23, 2020, common pleas issued a Memorandum and Order, dismissing Licensee's appeal.[7] (*Id.* at 24a-28a.) Common pleas found that, at the time Licensee pled guilty to DUI – general impairment, as a first offense, under Section 3802(a)(1) in 2020, Licensee had previously accepted ARD for his 2014 Offense. (*Id.* at 25a.) Common pleas further found that Licensee entered into a plea agreement, pursuant to *Chichkin*, that permitted him to plead guilty to a first offense DUI, and the sentencing court accepted the plea and sentenced Licensee under Section 3804(a)(1) (criminal penalties related to a first offense DUI). (*Id.*) Common pleas rejected Licensee's argument that the Department was bound by the sentencing court's order, which did not impose a license suspension, relying on *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 533 A.2d 501 (Pa. Cmwlth. 1987). Finding that neither a district attorney nor a sentencing court can bind the Department to prevent the imposition of a civil license suspension, which is a mandatory civil penalty imposed not for punishment, but to protect the public and keep intoxicated motorists off the roads, common pleas held that Licensee's prior ARD constituted a "prior offense" as that term is defined in Section 3806, because it occurred within 10 years prior to the date of the offense for which Licensee was being sentenced. (R.R. at 26a.) Common pleas acknowledged *Chichkin*'s holding that Section 3806(a) is unconstitutional to the extent it defines a prior acceptance of ARD in a DUI case as a "prior offense," but concluded that this holding related only to DUI criminal sentencing and not to "[a] civil license suspension proceeding[, which] provides for civil collateral consequences that do not have the same

---

[7] Common pleas' Memorandum and Order, dated November 13, 2020, was entered on November 23, 2020. By order dated January 7, 2021, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), common pleas referenced that November 23, 2020 Memorandum and Order as the basis for dismissing Licensee's appeal. (R.R. at 28a.)

6

protections afforded to one who is subject to a criminal conviction." (*Id.* at 27a.) As such, common pleas characterized Licensee's prior ARD as a prior offense, a collateral civil consequence of which could be used by the Department for license suspension purposes under the Vehicle Code. (*Id.*) Accordingly, the trial court dismissed Licensee's appeal.

## II. PARTIES' ARGUMENTS

On appeal,[8] Licensee maintains that common pleas erred in dismissing his appeal when *Chichkin* held that it was unconstitutional for Section 3806(a) to define "prior offense" as including the prior acceptance of ARD for DUI sentencing enhancement purposes. Licensee explains that, although *Chichkin* involved criminal sentencing for DUI, properly applying the Superior Court's reasoning would yield the same result here. Licensee contends that he has a protected property interest in his operating privilege, which the Department may not revoke or suspend without complying with due process. (Licensee's Brief (Br.) at 16-18.) Therefore, common pleas' "determination that Licensee's prior acceptance of ARD constituted a 'prior offense' [under Section 3806(a),] absent proof beyond a reasonable doubt that Licensee committed the prior offense for purposes of increasing Licensee's penalty from one of no suspension to a [12-month] suspension, violates Licensee's due process rights." (*Id*. at 10, 16-17.) Further, Licensee argues that to hold that acceptance of ARD may be a "prior offense" in the civil license suspension context, but not in the criminal sentencing context, would yield an absurd result. (*Id.* at 18-19.) According to Licensee, interpreting Section 3806's definition of "prior offense"

---

[8] "This Court's scope of review is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth. 2010) (quotation and citation omitted).

7

differently for purposes of a civil penalty as opposed to a criminal sentence conflicts with the plain language of the statute. (*Id.* at 19.) Finally, Licensee argues, as he did at the hearing, that the sentencing court, not the Department, has exclusive authority under Section 3802(b)(2) to determine, at the time of sentencing, what constitutes a "prior offense." Here, the sentencing court concluded that Licensee did not have any prior offenses and, accordingly, deemed Licensee's 2020 guilty plea a first offense of DUI – general impairment. (*Id.* at 24-26.)

The Department responds that common pleas did not err in holding that Licensee's prior acceptance of ARD for the 2014 Offense was a "prior offense" under Section 3806 because it occurred within 10 years prior to his subsequent conviction for the 2018 Offense, and, thus, the Department could impose the 12-month suspension in this case. The Department contends the trial court correctly determined that *Chichkin* is distinguishable because that case involved criminal punishment for a DUI conviction, and not, as here, a civil operating privilege suspension that is collateral to that conviction. The Department argues it met its burden of proof through its evidence, which unequivocally established Licensee's prior acceptance of ARD for the 2014 Offense and his subsequent conviction for the 2018 Offense. The Department observes that, because this matter involves a civil, statutory appeal, its burden of proof is by a preponderance of the evidence, not beyond a reasonable doubt, as would be required in a criminal matter. As such, the constitutional prohibition against using a fact not proven beyond a reasonable doubt to enhance a criminal sentence, as described in *Chichkin*, is not violated when a previous acceptance of ARD in a DUI case is treated as a "prior offense" for purposes of imposing a civil sanction. Finally, while the Department agrees that a sentencing court is required to calculate the number of prior offenses pursuant to

8

Section 3806(b)(2) for sentencing purposes, such determination is not binding on the Department, which independently reviews a licensee's driving record to determine whether to impose an operating privilege suspension as a collateral civil consequence of a criminal conviction.

## III.  DISCUSSION

The Vehicle Code addresses DUI offenses and the criminal and civil consequences associated therewith.  Section 3802 sets forth various offenses relating to driving under the influence of alcohol or controlled substances.  Section 3804 sets forth both criminal and civil consequences for convictions of violations of Section 3802.  Section 3804(e) specifically governs the "[s]uspension of operating privileges upon conviction" and provides, in relevant part:

> (1) The [D]epartment shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
>> (i) an offense under [S]ection 3802;
>> . . . .
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:
>
>> (i) **Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor** or misdemeanor of the second degree under this chapter.
>> . . . .
>> (iii) **There shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.**

75 Pa.C.S. § 3804(e) (emphasis added).  The exception set forth in Section 3804(e)(2)(iii), upon which Licensee relies, applies if three conditions are met:

First, the licensee must be convicted of violating 75 Pa.C.S. § 3802(a)(1)[,] as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in 75 Pa.C.S. § 3804(a). Third, the licensee must not have a "prior offense" as defined in Section 3806 of the Vehicle Code, 75 Pa.C.S. § 3806.

*Becker v. Dep't of Transp., Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018). Here, the parties do not dispute that Licensee was convicted of violating Section 3802(a)(1), an ungraded misdemeanor,[9] or that he was sentenced under Section 3804(a)(1). Thus, the only question is whether Licensee's prior acceptance of ARD for a DUI counts as a "prior offense" within the meaning of Section 3806 which provides, in relevant part:

> **(a) General rule.--**Except as set forth in subsection (b), **the term "prior offense" as used in this chapter shall mean any** conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of [ARD]** or other form of preliminary disposition **before the sentencing on the present violation** for any of the following:
>
>> (1) an offense under [S]ection 3802 (relating to driving under influence of alcohol or controlled substance);
> . . . .
>
> **(b) Timing.--**
>> (1) For purposes of [S]ection[] . . . 3804 (relating to penalties) . . . , the prior offense must have occurred:
>>
>>> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

---

[9] Section 3803 of the Vehicle Code establishes the grading of DUI offenses. It states, in relevant part, that "[a]n individual who violates [S]ection 3802(a) . . . and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties)." 75 Pa.C.S. § 3803(a)(1).

> > (ii) on or after the date of the offense for which the defendant is being sentenced.
>
> > (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>
> . . . .

75 Pa.C.S. § 3806 (emphasis added).

Licensee first argues that *Chichkin* supports his claim that acceptance into an ARD program cannot be considered a "prior offense" under Section 3806 for civil license suspension purposes and, therefore, common pleas' Order must be reversed. However, this Court recently held that *Chichkin* does not apply to civil license suspension cases in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021),[10] *petition for allowance of appeal granted*, 280 A.3d 859 (Pa. 2022),[11] *petition for supersedeas and stay granted* (Pa., No. 73 MAP 2022, filed July 7, 2022). In *Ferguson*, the licensee was charged with DUI – general impairment in violation of Section 3802(a)(1) (an ungraded misdemeanor) in 2012, and was accepted into an ARD program, which he successfully completed. In 2020, the licensee pled guilty to a second DUI – general impairment charge in violation of Section 3802(a)(1) (also an ungraded

---

[10] By order dated September 17, 2021, we held Licensee's case in abeyance pending the disposition of *Ferguson*. This stay occurred after the parties had filed their briefs.

[11] Our Supreme Court granted the petition for allowance of appeal in *Ferguson* as to the following issue, as stated by the petitioner:

> Did the Commonwealth Court err by ignoring the controlling decisions of this Court and the United States Supreme Court [by] holding that DUI statutes that penalize a defendant with a lengthy license suspension as a recidivist based on a prior acceptance of ARD disposition do not violate due process under the Pennsylvania and United States Constitutions even though the defendant who accepts ARD is presumed innocent and there is no proof of guilt?

280 A.3d at 860 (alteration in the original).

misdemeanor). Thereafter, the Department notified him that his operating privilege was suspended for 12 months pursuant to Section 3804(e)(2)(i). The licensee appealed, and his appeal was denied.

Before this Court, the licensee argued that, pursuant to *Chichkin*, the prior acceptance of ARD could not be considered a prior offense under Section 3806(a)(1), where he successfully completed ARD, which involved no proof or admission of guilt, and the DUI charge was dismissed. Thus, the licensee claimed that the Department had no authority to impose a 12-month suspension because he met the exception to suspension set forth in Section 3804(e)(2)(iii). The licensee further argued that allowing the Department to treat the acceptance of ARD as a prior offense would violate both procedural and substantive due process.

We disagreed, explaining that while an ARD program is criminal in nature, a license suspension resulting from participating in ARD is civil in nature; thus, it is a collateral consequence of the criminal proceeding. *Ferguson*, 267 A.3d at 632 (citing *Brewster v. Dep't of Transp.*, 503 A.2d 497, 498 (Pa. Cmwlth. 1986)). The imposition of this collateral civil consequence is "vested in an administrative agency over which the criminal judge had no control and for which [the judge] had no responsibility." *Id.* (quoting *Brewster*, 503 A.2d at 498). As to *Chichkin*, we stated:

> [b]ecause the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, i.e., the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "[s]uspension of operating privileges upon conviction," i.e., the collateral civil consequence thereof. 75 Pa.C.S. § 3804(e); *see Brewster*. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

12

*Id.* Finally, we held that the Department had met its *prima facie* burden of proving the licensee was subject to the 12-month suspension when it offered into evidence a certified copy of the licensee's driving record, which reflected the licensee's DUI conviction and his prior acceptance into ARD for a DUI within the 10-year period. At that point, the burden shifted to the licensee to rebut the presumption that he was convicted of these offenses by showing, by clear and convincing evidence, that the record was erroneous. *Id.* at 633. As the licensee did not present evidence to rebut the presumption, we held that the common pleas court properly denied his appeal.

Based on *Ferguson*, *Chichkin* is not applicable to civil license suspension cases and, thus, Licensee's 2015 acceptance of ARD for his 2014 Offense constitutes a "prior offense," as defined by Section 3806(a), to his subsequent 2020 conviction for his 2018 Offense. Further, as in *Ferguson*, the Department met its *prima facie* burden of proving that Licensee was subject to a 12-month operating privilege suspension. The Department introduced a certified copy of Licensee's driving record, as well as court documents, which were admitted into the record. (S.R.R. at 1b-19b.) The evidence includes the DL-21 Report of the Clerk of Courts of Washington County establishing Licensee's 2020 DUI conviction, (R.R. at 14a-15a; S.R.R. at 6b); the DL-21 Report of the Clerk of Courts of Washington County establishing Licensee's 2015 ARD for the 2014 Offense, (R.R. at 13a-14a; S.R.R. at 12b); and a copy of Licensee's certified driving history, reflecting both violations of the Vehicle Code, (S.R.R. at 1b, 14b-19b). As Licensee did not challenge the Department's evidence or offer evidence to rebut that Licensee had a new conviction for DUI within 10 years of a prior offense for DUI, the record supports the Department's imposition of the 12-month suspension and common pleas' denial of Licensee's appeal.

13

Licensee also argues that common pleas' Order should be reversed because the sentencing court, not the Department, has exclusive authority to determine, at the time of sentencing, what constitutes a "prior offense" under Section 3806(b)(2). This Court recently rejected this argument in *Vellon v. Department of Transportation, Bureau of Driver Licensing*, 263 A.3d 679 (Pa. Cmwlth. 2021),[12] *petition for allowance of appeal on other grounds granted*, 274 A.3d 1226 (Pa. 2022).[13] In *Vellon*, the licensee was charged with violating Section 3802(a)(1) in 2016, for which he was admitted into an ARD program. About a month after beginning ARD, the licensee was charged with a second DUI under Section 3802(c) (relating to highest rate of alcohol). Because the second DUI violated the terms of his ARD, the licensee was removed from the program. In 2017, the licensee pled guilty to and was sentenced on both DUIs at the same hearing. The Department thereafter imposed two operating privilege suspensions: 12 months for the first DUI pursuant to Section 3804(e)(2)(i), and 18 months for the second DUI pursuant to Section 3804(e)(2)(ii). The licensee appealed only the 12-month suspension, contending that at the time he was sentenced, he did not have a "prior offense" and thus met the exception to suspension in Section 3804(e)(2)(iii). The licensee further argued that the Department did not have the authority to classify either DUI conviction as a prior offense, as such determination was for the sentencing court. While the common pleas court rejected the licensee's first argument, based on Section 3806(b)(3) (providing that when a defendant is sentenced for two or more

---

[12] *Vellon* was decided after the parties filed their briefs in this matter.

[13] The Supreme Court granted the petition for allowance of appeal in *Vellon* to review an issue relating to Section 3806(b)(3) of the Vehicle Code, 75 Pa.C.S. § 3806(b)(3) (providing that where a defendant is sentenced for two or more offenses on the same day, the offenses are considered prior offenses to each other), an issue that is not present in this case.

14

offenses on the same day, each are considered prior offenses to the others), it did not address the licensee's second argument, which he reiterated on appeal to this Court.

In rejecting the licensee's second argument,[14] we stated that, although the plain language of Section 3806(b)(2) placed the responsibility on the sentencing court to calculate the number of prior offenses, "we [could] not ignore the fact that the criminal and civil contexts differ meaningfully as it concerns penalties." *Vellon*, 263 A.3d at 688. Relying upon our decision in *Diveglia v. Department of Transportation, Bureau of Driver Licensing*, 220 A.3d 1167 (Pa. Cmwlth. 2019),[15] we explained that

> a sentencing court's characterization of a DUI for the purpose of imposing **criminal** penalties is entirely irrelevant for establishing, pursuant to Section 3806 of the Vehicle Code, whether an individual has a prior offense, and/or for imposing a **civil** penalty under Section 3804(e) of the Vehicle Code based upon that finding. . . . *Diveglia*, therefore, instructs that a sentencing court's calculation of prior offenses for the purpose of criminal sentencing is not binding as it concerns Section 3806 of the Vehicle Code and the imposition of civil penalties under Section 3804(e) of the Vehicle Code. Section 3804(e)(1) further provides that the Department **shall suspend** an individual's operating privilege upon receiving a certified record of the individual's conviction. This provision, when read in conjunction with the direction of *Diveglia*, clearly indicates that the Department is empowered to establish whether an individual has a prior offense and to issue an operating privilege suspension on that basis.

---

[14] We likewise rejected the licensee's argument on whether the conviction of the second DUI could be treated as a prior offense where both convictions occurred at the same hearing, which is the subject of the appeal accepted by our Supreme Court.

[15] *Diveglia* involved a situation, similar to that in *Vellon*, in which a licensee was arrested for two DUIs roughly seven months apart but was sentenced for the second DUI months before she was sentenced on the first. Because the licensee was convicted of the second DUI prior to being sentenced on the first DUI, we held that she had a prior offense for purposes of license suspension under Section 3804(e)(2)(iii).

*Vellon*, 263 A.3d at 688-89 (emphasis in original). Accordingly, we concluded that the Department did not exceed its statutory authority when it determined that the licensee had a prior offense, or in using that determination for purposes of imposing the 12-month license suspension.

Here, as in *Vellon*, we "cannot conclude that the Department exceeded its statutory authority by determining that Licensee's" acceptance of ARD in 2015 for his 2014 Offense was a prior offense to his 2020 conviction for the 2018 Offense, notwithstanding the sentencing court's determination that Licensee pled guilty to a first offense in 2020. *Id.* at 689. Common pleas, therefore, did not err in finding that the Department was not bound by the sentencing court's determination and could impose the mandatory civil penalty, the 12-month operating privilege suspension upon Licensee under Section 3804(e)(2)(i), based on the Department's conclusion that Licensee had a prior offense.

## IV. CONCLUSION

Because neither *Chichkin* nor the sentencing court's determination that Licensee's 2020 conviction for the 2018 Offense was a "first offense" precluded the Department from finding that Licensee's 2015 ARD for the 2014 Offense was a "prior offense" for purposes of imposing a 12-month civil license suspension, *Ferguson*, 267 A.3d at 633; *Vellon*, 263 A.3d at 688-89, and because the Department met its burden of proving that Licensee's operating privilege should be suspended for 12 months under Section 3804(e)(2)(i), we affirm common pleas' Order denying Licensee's appeal.

---

**RENÉE COHN JUBELIRER,** President Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Allen Boals, Jr.,             :
                      Appellant      :
                              :
              v.                  :    No.  1266 C.D. 2020
                              :
Commonwealth of Pennsylvania,     :
Department of Transportation,      :
Bureau of Driver Licensing        :

## O R D E R

**NOW**, October 20, 2022, the Order of the Court of Common Pleas of Washington County, dated November 23, 2020, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge